State v. Crews

STATE OF NORTH CAROLINA v. ALFRED CREWS

No. 729SC774

(Filed 20 December 1972)

Criminal Law § 113— evidence on defense of coercion — failure to give instructions — prejudicial error

In a kidnapping and felonious assault case where defendant offered evidence that his only participation in the event was in driving the car and that he was forced at gunpoint by the other two men involved to do that, the trial court erred in its jury charge by not instructing on defendant's defense of coercion.

APPEAL by defendant from *Godwin, Special Judge,* 24 April 1972 Criminal Session of FRANKLIN County Superior Court.

Defendant was tried on a proper bill of indictment charging him with the offenses of kidnapping and felonious assault upon Robert Hodge on 13 October 1970.

The defendant was found not guilty of the charge of felonious assault but was found guilty of the charge of kidnapping, and from a judgment of imprisonment, he appealed.

*Attorney General Robert Morgan by Assistant Attorney General Rafford E. Jones for the State.*

*Hubert H. Senter for defendant appellant.*

CAMPBELL, Judge.

The evidence on behalf of the defendant tended to show that his only participation in the event was in driving the car and that he was forced at gunpoint by the other two men involved to do that and that this automobile ride to a secluded spot where Robert Hodge was beaten was not only against the will of Hodge but also was against the defendant's will and only because of the coercion imposed upon the defendant by the other two men.

Nowhere in the court's charge to the jury did the court instruct on defendant's defense that he was coerced at gunpoint into participating in the kidnapping. The defendant offered evidence on this point.

The defendant was entitled to have the court instruct the jury to the effect that if, upon a consideration of all the evidence it found the facts to be that what the defendant did in driving the automobile was under compulsion or through fear of death or great bodily harm, it should return a verdict of not guilty. *State v. Sherian,* 234 N.C. 30, 65 S.E. 2d 331 (1951).

We do not think the charge given was adequate in this respect.

The defendant is entitled to a new trial, and it is so ordered.

New trial.

Judges BROCK and GRAHAM concur.